IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

SCOTTSDALE INSURANCE COMPANY,

    Plaintiff,

v.

THE ESTATE OF MARTIN B. STRINGFELLOW, by and through its personal representative ROBERT P. SALTSMAN; MATTHEW STRINGFELLOW and WESTLEY STRINGFELLOW, as heirs to MARTIN B. STRINGFELLOW, deceased; and LISA HUNNICUTT, as surviving spouse of MARTIN B. STRINGFELLOW, all as assignees of AMERICAN WELDING, LLC,

    Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Scottsdale Insurance Company, by and through counsel of White and Steele, P.C., and submits the following Complaint for Declaratory Relief.

**PARTIES**

1. Scottsdale Insurance Company is a corporation incorporated in the State of Ohio with its principal place of business in Scottsdale, Arizona. Scottsdale Insurance Company is now and was at all relevant times a citizen of the State of Ohio for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct again against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—(A) every State and foreign state of which the insured is a citizen; (B) every State and foreign state by which the insurer has

1

been incorporated; and (C) the State or foreign state where the insurer has its principal place of business.").

2. Upon information and belief, Robert P. Saltsman, the personal representative of the Estate of Martin B. Stringfellow, is now and was at all times relevant a citizen of the State of Florida for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

3. Upon information and belief, Matthew Stringfellow is now and was at all relevant times a citizen of the State of Illinois for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

4. Upon information and belief, Westley Stringfellow is now and was at all relevant times a citizen of the State of Colorado for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

5. Upon information and belief, Lisa Hunnicutt is now and was at all relevant times a citizen of the State of Colorado for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

**JURISDICTION AND VENUE**

1. This Court is vested with diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001).

2. This Court has subject matter jurisdiction to determine and declare the parties' respective rights and obligations under the Commercial General Liability Policy issued by Scottstdale Insurance Company to American Welding, LLC, policy no. CPS3035515, effective January 21, 2018 to January 21, 2019 ("the Policy"). 28 U.S.C. §§ 2201, 2202.

3. Scottsdale Insurance Company files this declaratory judgment complaint under Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201, 2202, requesting the Court declare the rights and other legal relations of the interested parties.

4. This Court has personal jurisdiction over Defendants Westley Stringfellow and Lisa Hunnicutt because they are residents of the State of Colorado.

5. This Court has personal jurisdiction over Defendant Robert P. Saltsman, the personal representative of the Estate of Martin B. Stringfellow, and Defendant Matthew Stringfellow under Colorado's long-arm statute, § 13-1-124, C.R.S., and the due process requirements of the Constitution. Defendants Robert P. Saltsman and Westley Stringfellow are subject to this Court's personal jurisdiction because they have minimum contacts with this State and assuming jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S. Ct. 154 (1945); *accord E.R. Callender Printing Co. v. District Court*, 510 P.2d 889, 890 (Colo. 1973) (requiring certain "minimum contacts" under § 37-1-26(1)(b), C.R.S.). These Defendants' minimum contacts include that they voluntarily appeared in and filed the underlying lawsuit in the Denver County District Court, addressed more fully below. As a result, these Defendants have availed themselves of the privilege of acting in Colorado and this insurance dispute resulted from the Defendants' activities in the underlying lawsuit in Colorado state court. *Van Schaack & Company v. District Court*, 538 P.2d 425, 426 (Colo. 1975). Additionally, these Defendants assert a claim or right of coverage under the policy issued by Scottsdale as assignee of American Welding, LLC, which is a Colorado limited liability company with its principal place of business in Brighton, Colorado. The Defendants have "create[d] a substantial connection with the forum State", *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109, 107 S. Ct. 1026 (1987), and they "should reasonably anticipate being haled into court" here, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559 (1980).

6.      Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the State of Colorado.

## CLAIM FOR DECLARATORY JUDGMENT

7.      On December 20, 2019, a motor vehicle accident occurred on Highway 6, near milepost 260, in Cleark Creek County, Colorado, that resulted in the death of Martin B. Stringfellow.

8.      As a result of the accident, Defendants here filed a lawsuit in the Denver County District Court, known as *The Estate of Martin B. Stringfellow, by and through its personal representative Robert P. Saltsman; Matthew B. Stringfellow and Westley Stringfellow, as heirs to Martin B. Stringfellow, deceased; and Lisa Hunnicutt, as surviving spouse of Martin B. Stringfellow, deceased v. Jalisco Trucking LLC; Rogelio Borjas a/k/a Rene Borjas; and American Welding, LLC*, case no. 2021cv30708 ("the underlying lawsuit").  **Ex. A**, First Amended Complaint and Jury Demand.

9.      American Welding, LLC submitted a claim to Scottsdale Insurance Company for coverage, defense, and indemnity related to the underlying lawsuit.

10.     Scottsdale Insurance Company issued to American Welding, LLC, a commercial general liability policy, no. CPS3035515, which was effective January 21, 2018 to January 21, 2019.

11.     The Policy provided liability coverage, in part, as follows:

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement
    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .   However, will have no duty to

>   defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . . .
>
>   b.  This insurance applies to "bodily injury" and "property damage" only if:
>
>       (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>       (2) The "bodily injury" or "property damage" occurs during the policy period; . . . .
>
>                                    * * *

**Ex. B**, Policy. "Occurrence" is defined in the policy to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

12. Scottsdale Insurance Company evaluated American Welding, LLC's claim for coverage, defense, and indemnity under the Policy.

13. Scottsdale Insurance Company determined that there was no coverage available and it would neither defend nor indemnify American Welding, LLC in the underlying lawsuit. Scottsdale Insurance Company's analysis and coverage conclusion was provided to American Welding, LLC by letter, dated December 31, 2021. **Ex. C**.

14. American Welding, LLC agreed to a stipulated judgment with plaintiffs in the underlying lawsuit (Defendants here) for $5,000,000. **Ex. D**, Stipulated Final Judgment.

15. Defendants have demanded that Scottsdale Insurance Company pay the amount of the stipulated judgment because, as they allege, the denial of coverage was improper.

16. Scottsdale Insurance Company's coverage position is correct under Colorado law.

17. "Under an occurrence policy, the time of the occurrence of an accident is not the time the wrongful act was committed but the time when the complaining party was actually damaged." *Leprino v. Nationwide Prop. & Cas. Ins. Co.*, 89 P.3d 487, 490 (Colo. App. 2003) (quoting *Browder v. U.S. Fid. & Guar. Co.*, 893 P.2d 132, 134 n.2 (Colo. 1995)); *accord Hoang*

*v. Assurance Co.*, 149 P.3d 798, 802 (Colo. 2007) ("An occurrence sufficient to trigger coverage under an occurrence policy . . . must be a specific accident or happening within the policy period. . . ."); *Mtn. States Mut. Cas. Co. v. Hauser*, 221 P.3d 56, 60 (Colo. App. 2009) (citing *Farmers Alliance Mut. Ins. Co. v. Salazar*, 77 F.3d 1291, 1296 (10th Cir. 1996), a case decided by application of Oklahoma law, for the proposition, "[I]t is well-settled . . . that the time of the occurrence of an accident, within the meaning of a liability indemnity policy, is not the time when the wrongful act was committed, but the time when the complaining party was actually damaged"); *see MarkWest Energy Partners, L.P. v. Zurich Am. Ins. Co.*, 2016 COA 110, ¶ 18 n.3 ("An 'occurrence' policy provides 'liability coverage only for injury or damage that occurs during the policy term, regardless of when the claim is actually made.'" (quoting Dep't of Regulatory Agencies Reg. 5-1-8, 3 Code Colo. Regs. 702-5)).

18.     "To stretch the scope of 'accident' backward in time to reach the date of the earliest beginning of any prior event which might be regarded as having a causal relation to the unlookedfor mishap would introduce ambiguity where none now exists." *Samuelson v. Chutich*, 529 P.2d 631, 635 (Colo. 1974) (quotation omitted).

19.     An actual and justiciable controversy has arisen and now exists relating to the rights, duties, and obligations of Scottsdale Insurance Company under the Policy.

20.     Scottsdale Insurance Company asserts this claim for declaratory judgment to obtain a judicial determination and declaration of the parties' respective rights and obligations under the under the Policy.

21.     Scottsdale is entitled to a declaration that the Policy does not provide any liability coverage to Plaintiffs' assignor, American Welding, LLC, for their claims against it and, therefore,

that Scottsdale Insurance Company had no duty to defend or indemnity American Welding, LLLC related to the death of Mr. Stringfellow on December 20, 2019.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Scottsdale Insurance Company respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a. Declaring Defendants' assignor, American Welding, LLC, was not entitled to coverage under the Policy for the incident giving rise to the underlying lawsuit and therefore, Scottsdale Insurance Company had no duty to defend or indemnify it for Defendants' claims in connection with the incident giving rise to the underlying lawsuit;

b. Awarding all costs and disbursements incurred herein in pursing this action; and

c. Granting any other such relief that the Court deems appropriate.

**PLAINTIFF SCOTTSDALE MUTUAL INSURANCE COMPANY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 18th day of August, 2023.

<u>s/E. Catlynne Shadakofsky</u>
John P. Craver, Esq.
Nicholas B. Klann, Esq.
E. Catlynne Shadakofsky, Esq.
WHITE AND STEELE, P.C.
600 17th Street, Suite 600N
Denver, Colorado 80202
*Attorneys for SCOTTSDALE INSURANCE COMPANY*